**Mian Mohammad ZULQARNAIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 13–70784.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 13, 2014.*

Filed May 28, 2014.

Saad Ahmad, Fremont, CA, for Petitioner.

Melissa Katherine Lott, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

## MEMORANDUM **

Mian Mohammad Zulqarnain, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir.2011), and review de novo whether the agency applied a correct legal standard, *Kawashima v. Holder*, 615 F.3d 1043, 1057 n. 8 (9th Cir.2010). We deny the petition for review.

The BIA did not abuse its discretion by denying as untimely Zulqarnain's motion to reopen based on ineffective assistance of counsel because he filed the motion more than five years after issuance of his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (ascertaining due diligence based on "whether petitioner made reasonable efforts to pursue relief").

The BIA applied the correct legal standard to Zulqarnain's motion to reopen. *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir.2009) (concluding that "the IJ applied the correct legal standard" where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent as provided by 9th Cir. R. 36–3.